**In the Matter of Antonio Mancilla**

150

*Lewis P. Hannah*, for petitioner
*Seamus M. Lavin*, for respondents

TUNNELL, *J.*, July 31, 2013—This case concerns whether the funds in the decedent's profit sharing account should be disbursed to his widow or, under his written change of beneficiary designation, to his five children instead.

Antonio Mancilla ("decedent") passed away on December 30, 2011 survived by a wife and five children. He resided at 1233 East Lincoln Highway, Apt. 1, Coatesville, PA 19320. Decedent married Renata Mancilla ("petitioner") on August 5, 2005. On October 28, 2011, decedent filed for divorce against petitioner. Decedent also filed an affidavit under the Divorce Code, 20 Pa. C.S. §3301(d), asserting (a) that the parties separated in July 2009 and have continued to live separate and apart for a period of at least two years; and (b) that the marriage is irretrievably broken. Petitioner never filed a counter-affidavit denying the sworn assertions made in decedents' affidavit. Decedent passed away two months later, unable to finalize the divorce proceedings.

At the time of this death, decedent was an employee of Pelet Welding, Inc. ("Pelet"). He participated in a profit sharing plan ("the Pelet Plan") administered by Pelet. Under the plan, in default of any written designation by him, petitioner was the sole beneficiary of the plan.

On January 19, 2011, decedent signed a beneficiary designation form for his Pelet Plan account naming only his children as his beneficiaries. He did not obtain the consent of his wife, as he was required to do by the Pelet Plan. Decedent repeatedly asked petitioner to sign the waiver of beneficiary rights in his account in the Pelet Plan, but she refused. Decedent thus also died without a signed waiver from petitioner to transfer beneficiary rights. On February 11, 2013, petitioner Renata Mancilla filed a petition to show cause why she should not receive the proceeds of the Pelet Plan.

Respondents are two of the decedent's children, Tracey and Anthony Mancilla. They argue that, due to the ongoing divorce proceedings at the time of decedents' death and the change of the beneficiaries of decedents' Pelet Plan account, the petitioner should not receive any proceeds. Alternatively, they argue that under 20 Pa. C.S.A. §2106, the petitioner should have no share in these benefits because under the forfeiture provisions of that section she either willfully neglected him, refused to perform her duties to support him, or willfully and maliciously deserted him. Accordingly, she should have no right in any of the "personal estate of the decedent" under the terms of that section.

At trial, petitioner conceded that she did indeed receive a copy of the divorce complaint filed by decedent shortly before his death but filed no counter-affidavit. She testified that the averment in the divorce complaint stating that she and the decedent had been separated since July 2009 was untrue. Petitioner's legal residence remained at the marital home shared by her and decedent. This is the same address that appears on her driver's license as well as her bills.

Petitioner also filed a joint tax return as recently as March of 2011 for the 2010 tax year indicating their status as married. It is clear to the court that, just because a spousal couple does not necessarily live under the same roof, it is not the equivalent of desertion. Were it otherwise, every separation would constitute desertion. Petitioner continued to see the decedent on a regular basis. He would give her money, and she would provide tender felicities. That was their pattern and evident agreement. An additional reason why the challenge under §2106 of the PEF Code cannot succeed is that this section clearly pertains to the "personal estate" of the decedent. No citation is necessary for the proposition that the proceeds of a profit-sharing plan pass not by will, but by a contractual designation, and are thus distributed outside of the probate estate altogether.

However, the court finds that the case really turns instead on whether Pennsylvania law applies to this issue, or whether federal law has pre-empted it. The Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001-1461, is a federal law which establishes minimum standards for pension and profit sharing plans in private industry and provides for extensive rules on the federal income tax effects of transactions associated with employee benefit plans. ERISA was enacted to protect the interests of employee benefit plan participants and their beneficiaries by: (1) requiring the disclosure of financial and other information concerning the plan to beneficiaries; (2) establishing standards of conduct for plan fiduciaries; and (3) providing for appropriate remedies and access to the federal courts. Section 514 of ERISA preempts all state laws that *relate to any employee benefit plan*, with certain, enumerated exceptions. The most important exceptions

— i.e. state laws that survive despite the fact that they may *relate to* an employee benefit plan — are state insurance, banking, or securities laws, generally applicable criminal laws, and domestic relations orders that meet ERISA's qualification requirements. Under ERISA, pre-emption is presumed if the state law "relates to" any employee benefit plan, as the court finds to be the case here. *See generally, In Re: Estate of Sauers*, 613 Pa. 186, 32, A.3d 1241 (2011).

Respondents have conceded, as they must, that ERISA indeed trumps 20 Pa. C.S.A. §6111.2 in the Divorce Code, which would otherwise allow them to prevail on the issue. This section is entitled "Effect of Divorce on Designation of Beneficiaries" and, prior to amendment in 2010, specified that if a person is divorced at the time of his death having designated his spouse as a beneficiary of a profit sharing plan or similar arrangement any designation in favor of his former spouse which was revocable by him after the divorce shall become ineffective for all purposes and shall be construed as if such former spouse had predeceased him, with several exceptions. That provision was determined by our Supreme Court to be pre-empted by ERISA in *In Re: Estate of Sauers, supra.* (After the 2010 amendment, §6111.2 was made applicable where the divorce was pending at death and grounds were established, making any designation in favor of a participant's spouse generally ineffective; these are to be construed as though the spouse had predeceased the participant. As a result, such a spouse would not be entitled to any plan benefits.)

Respondents next turn to the section preceding at 20 Pa.C.S.A. §6111.1. This relates to "Modification by Divorce or Pending Divorce" and provides that:

Any provision in a conveyance which was revocable by a conveyor at the time of the conveyor's death and which was to take effect at or after the conveyor's death in favor of or relating to the conveyor's spouse shall become ineffective for all purposes unless it appears in the governing instrument that the provision was intended to survive a divorce, if the conveyor:

1. is divorced from such spouse after making the conveyance; or

2. dies domiciled in this Commonwealth during the course of the divorce proceedings, no decree of divorce has been entered pursuant to 23 Pa. C.S. §3323 (relating to decree of court) and grounds have been established as provided in 23 Pa. C.S. §3323(g).

Respondents claim that grounds were established for divorce by petitioner's failure to file a counter-affidavit. As to ERISA, respondents argue that ERISA allows for modifications to benefit plans in specific instances (citing ERISA Subtitle B, Part 2 Section 1056 and Part 5 §§1144 and 1155). However, as noted above, these exceptions do not assist petitioner; the exceptions relate to state insurance, banking or security laws, criminal laws, and qualified domestic relations orders.

Salient provisions of the Pelet Plan include the following:

Article VI Beneficiaries

3.6.1 Designation of Beneficiaries. Subject to the provisions of Section 2.5.7, each participant shall have the right to designate a Beneficiary or Beneficiaries

and contingent or successive Beneficiaries to receive any benefits provided by this Plan that become payable upon the Participant's death. The Participant may change the Beneficiaries at any time by the filing of a new designation with the Plan Administrator, and the most recent designation shall govern. In the absence of a designation, the Designated Beneficiary shall be the surviving spouse of the Participant, *unless such surviving spouse consents in writing* to an alternate designation and the terms of such consent acknowledge the effect of such alternate designation and the consent is witnessed by a representative of the Plan or by a notary public. The designation of a Beneficiary other than the spouse of the Participant or an optional form of benefit *with the consent of such spouse* may not be changed *without the consent of such spouse*, and any consent must acknowledge the specific non-spouse Beneficiary, including any class of Beneficiaries or any contingent Beneficiaries, unless the spouse expressly permits designations by the Participant without any further spousal consent. Regardless of any prior designation, a Participant, at any time, may designate his spouse as Beneficiary, and with respect to Accounts providing annuities, may also designate the form of benefit as a Qualified Joint and Survivor Annuity. (emphasis added)

Article XI Miscellaneous

3.11.9 Governing Law. The provisions of this Plan shall be construed, administered and enforced in accordance with the provisions of the Act and, to the extent applicable, the laws of the state specified in the

Adoption Agreement…

("Act" is defined in Article II as "the Employee Retirement Income Security Act of 1974, as amended from time to time.")

ERISA mandates that qualified plans contain certain mandatory spousal benefits provisions. It is clear to the court that the Pelet Plan is an ERISA-qualified plan, and that it was drafted to comply with this federal law and acquire its accompanying benefits. ERISA requires the plan to provide that a spouse must waive his or her right to be the participant's beneficiary in writing, 29 U.S.C. §1055(c)(2), and requires that death benefits go to the surviving spouse absent a spousal waiver. 29 U.S.C. §1055(b). Although the plan contains a choice of law provision that makes reference to Pennsylvania law, by the plan's own terms, Pennsylvania law is only applicable to the extent it is not pre-empted by ERISA.

The court holds that based on the terms of the plan, and as a matter of law, ERISA preempts Pennsylvania law at §6111.1 of the Divorce Code.

As stated above, ERISA was enacted to establish national uniformity among benefit plans. 120 CONG. REC. 29, 197 (1974): "With the preemption of the field, we round out the protection afforded participants by eliminating the threat of conflicting and inconsistent state and local regulation." *See also Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). A key purpose of ERISA, therefore, is to provide uniform administrative schemes for employers, plan administrators, and fiduciaries to follow in administering and processing employee benefit plans. *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 9,

107 S.Ct. 2211, 96 L.Ed.2d 1 (1987).

Borrowing from the opinion in *Estate of Sauers, supra*, permitting state statutory schemes such as §6111.1 to remain viable would force fiduciaries to "maintain a familiarity with the divorce laws of all 50 States so that they can update their plans as necessary.... This 'tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction' is exactly the burden ERISA seeks to eliminate." *Id.* at 151, 121 S. Ct. 1322 (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142, 111 S. Ct. 478, 112 L.Ed.2d 474 (1990)).

It was true of §6111.2, and just as true of §6111.1. Nor does the 2010 amendment to the latter cure any preemption problem.

An appropriate order follows.